THE MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENT, v. WASHBURN BROTHERS COMPANY ET AL., APPELLANTS.

Argued March 14, 1913—Decided June 18, 1913.

In an action of ejectment based upon an act of the legislature, by virtue of which "certain lands of the state now and heretofore under the tidewaters of Communipaw bay," and the basin adjacent thereto, were ceded to Jersey City—*Held*, to entitle the city to recover as against a defendant in possession of the *locus in quo*, it was necessary for the city to prove the line of high-tide level at the time the act went into effect, and that the opinion of a civil engineer upon the subject did not furnish the necessary proof.

On appeal from the Hudson Circuit Court.

For the appellees, *Warren Dixon* and *James J. Murphy.*

For the appellants, *Edwards & Smith* and *George Holmes.*

The opinion of the court was delivered by

MINTURN, J. At the circuit this case was determined by a direction in the plaintiff's favor, at the conclusion of

plaintiff's case, the defendants offering no testimony in contradiction of the plaintiff's demand.

The direction, quite obviously, was intended for the purpose of enabling a review by this court of the legal question presented by the record.

The essential question of title involved in the controversy we are unable to determine, since in our judgment the plaintiff's case was incomplete for lack of the necessary proof to support it. The action was in ejectment, and the defendants under their pleas were in possession of the *locus in quo,* and this placed the burden upon the plaintiff of recovering, if at all, upon the strength of its own title. *Boylan* v. *Meeker,* 4 *Dutcher* 274.

The plaintiff's claim to possession was based upon an act of the legislature entitled "An act to cede to the mayor and common council of Jersey City certain lands of the state now and heretofore under the tidewaters of Communipaw bay, and to establish a tidewater basin adjacent thereto." *Pamph. L.* 1872, *p.* 1356.

The sixth section of the act directs the riparian commissioners to reduce the description of the *locus in quo* to writing, and to file a map thereof, and the description, in the office of the secretary of state to remain as a public record, and further provides that duplicates thereof shall be full proof of title under the act.

Whatever beneficial use this map and description would serve under the circumstances, if any, it was not produced, and forms no part of the plaintiff's case, as a method of identifying the *locus in quo.*

Proof of the actual high-water line concededly was necessary to establish the plaintiff's case, since no presumption can be admitted which would result in ceding to the state title to all lands under water, regardless of the line of high-tide level. *Arnold* v. *Mundy,* 1 *Halst.* 1; *P. R. R.* v. *Hoboken,* 124 *U. S.* 656.

The cession of the *locus in quo* by the state contained the express limitation that they are lands which are now and

heretofore have been under the tidewaters of Communipaw bay.

The only proof offered to establish the line of demarcation between the *ripa* and high-water line, was that offered by a civil engineer, who testified that he made a survey of the basin, and that the *locus in quo* was within the description of the lands contained in the act of 1872. But quite manifestly this witness by mere *ipse dixit* could not determine the boundary line, so as to enable a court or judge to base a judgment of possession thereon.

It will be observed that what the state undertook to grant by the act was land "now and heretofore under the tidewaters of Communipaw bay." It became essential, therefore, for the plaintiff, in order to recover, to prove by competent testimony whether the *locus in quo* at the time of the passage of the act, and theretofore, had been under the tidewaters of the bay. Under that issue the opinion evidence of a civil engineer who made a survey almost forty years later, showing the line of the grant, is not the quality of proof standing alone upon which the possession of one individual can be substituted for that of another claiming title.

We are not referred in this case to any proof of facts by record or otherwise, upon which a jury could locate the high-water line of 1872, and the riparian line prior thereto, for the purpose of establishing the lines of the *locus in quo;* and since that inquiry presents the essential requirement in the plaintiff's case, the order will be that the judgment of the circuit be reversed, and that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, JJ. 13.